Randall J. Colbert
rjcolbert@garlington.com
GARLINGTON, LOHN & ROBINSON PLLP
350 Ryman Street
Missoula, MT 59807-7909
Telephone:   406.523.2500
Facsimile:   406.523.2595

Linda Wendell Hsu (SBN CA 162971) (Pro Hac Vice pending)
lhsu@selmanlaw.com
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone:   415.979.0400
Facsimile:   415.979.2099

Attorneys for Plaintiff
NAUTILUS INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT FOR DECLARATORY RELIEF |
| MICHAEL FARRENS, an individual; ROBIN FARRENS, an individual, FARRENS PROPERTIES, LLC, a Limited Liability Company, ROCK AND WATER, LLC, a Limited Liability Company, ROCK AND WATER INTERNATIONAL, LLC, a Limited Liability Company, and DOES 1 through 100, | |
| Defendants. | |

**INTRODUCTION**

In this action, Plaintiff Nautilus Insurance Company ("Nautilus") seeks declaratory relief concerning its obligations, if any, to pay some or all of the judgment entered in the action

1

entitled *Farrens, et. al. v. Rock and Water, LLC,* bearing case number DV-18-1175A, filed in the Montana Eleventh Judicial District Court, Flathead County (the "Underlying Action").

**PARTIES**

1. Plaintiff Nautilus is, and at all times relevant was, a corporation incorporated in the state of Arizona, with its principal place of business in Scottsdale, Arizona, and is an eligible surplus lines insurer whose policies are sold and delivered in Montana.

2. Nautilus alleges on information and belief that defendants MICHAEL FARRENS and ROBIN FARRENS (collectively, "Farrens") are husband and wife, individuals and citizens of Alabama.

3. Nautilus alleges on information and belief that Defendant FARRENS PROPERTIES, LLC ("Farrens Properties") is a limited liability company organized under the laws of Alabama and registered to do business in Montana. Nautilus alleges on information and belief that the members of Farrens Properties are natural persons domiciled in Alabama.

4. Nautilus alleges on information and belief that Defendant ROCK AND WATER, LLC ("R&W") is a limited liability company organized under the laws of Idaho and was registered to do business in Montana from October 15, 2013, to April 15, 2019. Nautilus alleges on information and belief that the members of R&W are natural persons domiciled in Idaho and California.

5. Nautilus alleges on information and belief that Defendant ROCK AND WATER INTERNATIONAL, LLC ("R&W International") is a limited liability company organized under the laws of Idaho and was registered to do business in Idaho from February 2, 2015, to October 18, 2018. Nautilus alleges on information and belief that the members of R&W International are natural persons domiciled in Idaho and California.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 USC § 2201 because an actual controversy exists within the Court's jurisdiction that merits relief.

2

COMPLAINT FOR DECLARATORY RELIEF
Case No.:

145227 4888-6707-7942 .v1

7. This Court also has jurisdiction pursuant to 28 USC § 1332(a) because the parties' citizenship is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has personal jurisdiction over defendants, and each of them, as they have purposely availed themselves of the privilege of conducting activities within Montana. Further, the underlying events at issue arose out of defendants' activities in Montana. Thus, it is proper for defendants to be subject to jurisdiction in Montana.

9. Venue is proper in this judicial district pursuant to 28 USC § 1391 because a substantial part of the events giving rise to this claim occurred in this district.

## THE NAUTILUS POLICIES

10. Nautilus issued the following three commercial liability policies to R&W for the period of March 1, 2016, to March 1, 2019 (collectively, the "Policies"):

| POLICY NUMBER | POLICY PERIOD | LIMITS |
| --- | --- | --- |
| NN635223 (the "2016 Policy") | March 1, 2016 to March 1, 2017 | $1M per occurrence |
| NN778032 (the "2017 Policy) | March 1, 2017 to March 1, 2018 | $1M per occurrence |
| NN898731 (the "2018 Policy") | March 1, 2018 to March 1, 2019 | $1M per occurrence |

Copies of the Policies are attached as **Exhibits 1-3**.

11. The Policies contain a Commercial General Liability Coverage Part and include Commercial General Liability ("CGL") Coverage Form 00 01 04 13. The Policies contain the following language in Coverage A in the Insuring Agreement:

### SECTION I – COVERAGES
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1. Insuring Agreement**
   **a.** We will pay those sums that the insured becomes legally obligated to pay as

3

damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1**. Of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to

COMPLAINT FOR DECLARATORY RELIEF
Case No.:

   us or any other insurer;

  **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

  **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

 **e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

12. The CGL Coverage Part contains exclusions applicable to Coverage A, which include, in relevant part:

**2. Exclusions**

This insurance does not apply to:

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

 **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

 **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

**j. Damage To Property**

"Property damage" to:

**(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

    **(2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

    **(3)** Property loaned to you;

    **(4)** Personal property in the care, custody or control of the insured;

    **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

    **(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1)**, **(3)** and **(4)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of seven or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section **III** – Limits Of Insurance.

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products completed operations hazard".

  **k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

  **l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

  **m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

    **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work"

after it has been put to its intended use.

13. The CGL Coverage also states, in relevant part:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**
**1. Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:
   **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
   **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**
   b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

14. The CGL Coverage Part contains the following relevant definitions:

**SECTION V - DEFINITIONS**

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement; if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential

7

"bodily injury", arising out of one or more of the following offenses:

   **a.** False arrest, detention or imprisonment;

   **b.** Malicious prosecution;

   **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

   **f.** The use of another's advertising idea in your "advertisement"; or

   **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

16. "Products-completed operations hazard":

   **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

   **(1)** Products that are still in your physical possession; or

   **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

   **(a)** When all of the work called for in your contract has been completed.

   **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

   **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

   **b.** Does not include "bodily injury" or "property damage" arising out of:

   **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

   **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

8

COMPLAINT FOR DECLARATORY RELIEF
Case No.:

    **(3)** Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products-completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

    **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    **b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

21. "Your product":

    **a.** Means:

        **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            **(a)** You;

            **(b)** Others trading under your name; or

            **(c)** A person or organization whose business or assets you have acquired; and

        **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.** Includes:

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        **(2)** The providing of or failure to provide warnings or instructions.

  c. Does not include vending machines or other property rented to or located for the use of others but not sold.

22. "Your work":

 a. Means:

  (1) Work or operations performed by you or on your behalf; and

  (2) Materials, parts or equipment furnished in connection with such work or operations.

 b. Includes:

  (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

  (2) The providing of or failure to provide warnings or instructions

15. The Policies contain an Endorsement entitled "Endorsement L216 (07/09)/(04/16): Amendment of Definitions –Insured Contract (Limited Form)", which states in relevant part:

### L216 (04/16)
### AMENDMENT OF DEFINITIONS - INSURED CONTRACT
### (Limited Form)

This endorsement modifies insurance provided under the following:

  COMMERCIAL GENERAL LIABILITY COVERAGE PART

  PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The definition of "insured contract" in the **Definitions** section is **replaced** by the following:

"Insured contract" means any written:

 a. Contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for "property damage" to premises while rented or loaned to you, or temporarily occupied by you with permission of the owner, is not an "insured contract";

 b. Sidetrack agreement;

 c. Easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

 d. Obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

COMPLAINT FOR DECLARATORY RELIEF
Case No.:

    e. Elevator maintenance agreement; or

    f. Part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or those acting on your behalf. However, such part of a contract or agreement shall only be considered an "insured contract" to the extent your assumption of the tort liability is permitted by law. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

An "insured contract" does not include that part of any contract or agreement:

    a. That indemnifies any person or organization for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

    b. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

        (1) Preparing, approving or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders, designs, drawings, or specifications; or

        (2) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage;

    c. Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **b.(1)** or **b.(2)** above and supervisory, inspection, architectural or engineering activities; or

    d. That indemnifies any person or organization for "bodily injury" or "property damage" arising from the ownership, maintenance, or use of any aircraft.

All other terms and conditions remain unchanged.

16. The Policies also contain "Endorsement L217 (06/07)/(06/17): Exclusion – Punitive or Exemplary Damages", which states in relevant part:

**L217 (06/07)**

**EXCLUSION - PUNITIVE OR EXEMPLARY DAMAGES**

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART

    LIQUOR LIABILITY COVERAGE PART

COMPLAINT FOR DECLARATORY RELIEF
Case No.:

45227 4888-6707-7942 .v1

      OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART

      PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The following exclusion is **added** to **2. Exclusions** of **Section I**:

      This insurance does not apply to punitive or exemplary damages.

All other terms and conditions of this policy remain unchanged.

17. The 2016 Policy contains "Endorsement CG2280 (04 13): Limited Exclusion – Contractors – Professional Liability", which states in relevant part:

### LIMITED EXCLUSION – CONTRACTORS – PROFESSIONAL LIABILITY

This endorsement modifies insurance provided under the following:

      COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you, but only with respect to your providing engineering, architectural or surveying services in your capacity as an engineer, architect or surveyor.

Professional services include:

1. Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

2. Supervisory or inspection activities performed as part of any related architectural or engineering activities.

18. The 2018 Policy contains "Endorsement L342 (09/16): Exclusion – Continuous or Progressive Damage", which states in relevant part:

### EXCLUSION – CONTINUOUS OR PROGRESSIVE DAMAGE

This endorsement modifies insurance provided under the following:

      COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is **added** to **2. Exclusions** of **Coverage A - Bodily Injury**

**And Property Damage Liability**:

1. This insurance does not apply to "property damage":

    **a.** That first occurs, or is alleged to first occur, prior to the effective date of this policy; or

    **b.** That first occurs, or is alleged to first occur, prior to the effective date of this policy and continue during this policy period.

2. We will have no duty to defend any insured against any loss, claim, "suit" or other proceeding seeking damages for "property damage" to which this endorsement applies.

All other terms and conditions remain unchanged.

## THE UNDERLYING ACTION

19.   The Underlying Action arises from the construction of a pool, spa, waterslide and artificial rock outcroppings for a single-family home in Montana owned by Farrens (the "Project"). Construction for the Project took place from approximately 2014 to 2018.

20.   On November 19, 2018, Farrens filed a complaint in the Underlying Action (the "Underlying Complaint") against defendants R&W, R&W International, LLC[1], and others. The Underlying Complaint alleged that Farrens engaged R&W to perform construction on the Project and that R&W was liable for damages associated with the Project. The Underlying Complaint stated the following causes of action against R&W:

- Breach of Contract
- Negligence
- Fraud
- Constructive Fraud
- Misrepresentation
- Punitive Damages

A true and correct copy of the Complaint is attached as **Exhibit 4**.

21.   On December 17, 2018, R&W tendered the Underlying Complaint to Nautilus and requested that Nautilus defend it in the Underlying Action.

---

[1] As alleged in the Underlying Complaint, R&W and R&W International are one and the same company and are referred to collectively as R&W.

22. On January 22, 2019, Nautilus sent a letter to R&W, acknowledging receipt of the Underlying Complaint and agreeing to provide a defense to R&W subject to a reservation of rights. A true and correct copy of the reservation of rights letter is attached as **Exhibit 5**. Nautilus proceeded to retain defense counsel and provide a defense to R&W in the Underlying Action.

23. On March 10, 2022, a jury reached a verdict in the Underlying Action, finding that (1) R&W was 80% negligent; (2) Farrens was 20% negligent and (3) damages were in the amount of $4,500,000 for cost of repairs, $100,000 for emotional distress, and $100,000 for loss of use. A true and correct copy of the special verdict form in the Underlying Action is attached as **Exhibit 6**.

24. On April 6, 2022, the Court in the Underlying Action entered an amended judgment in favor of Farrens against R&W in the amount of $3,760,000 (80% of $4,700,000), together with interest at the legal rate per year from the date of the verdict until paid, as statutorily designated by § 25-9-205, MCA. The Court in the Underlying Action further awarded Farrens their costs in the amount of $11,976.49, together with interest at the legal rate per year from the date of the judgment until paid. A true and correct copy of the amended judgment in the Underlying Action is attached as **Exhibit 7**.

25. Nautilus alleges on information and belief that, following the judgment, R&W has not assigned any alleged bad faith claims against Nautilus to Farrens and/or Farrens Properties.

### FIRST CAUSE OF ACTION – DECLARATORY RELIEF

**(No Duty to Indemnify under Coverage A against All Defendants)**

26. Nautilus re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

27. There is an actual controversy between Nautilus and defendants Farrens, Farrens Properties and R&W (collectively, the "Defendants") as to whether Nautilus is required to indemnify its insured, R&W, for the judgment entered in the Underlying Action because Coverage A of the Policies does not provide coverage for Breach of Contractor

Misrepresentation as alleged in the Underlying Action. These claims do not constitute a claim for damages of "bodily injury" or "property damage" caused by an "occurrence" as defined in the Policies.

28. Nautilus seeks a judicial declaration of the parties' respective rights and obligations under the Policies based upon the alleged "property damage" or "bodily injury" occurring during the policy periods.

## SECOND CAUSE OF ACTION – DECLARATORY RELIEF

**(No Duty to Indemnify under Coverage B against All Defendants)**

29. Nautilus re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

30. There is an actual controversy between Nautilus and Defendants as to whether Nautilus is required to indemnify its insured, R&W, for the judgment entered in the Underlying Action because there has been no allegation of "personal and advertising injury" as defined in Coverage B during the relevant policy periods of the Policies.

31. Nautilus seeks a judicial declaration of the parties' respective rights and obligations under the Policies based upon the lack of alleged "personal and advertising injury" occurring during the policy periods.

## THIRD CAUSE OF ACTION – DECLARATORY RELIEF

**(No Duty to Indemnify under Coverage A – Exclusion B – Contractual Liability against All Defendants)**

32. Nautilus re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

33. There is an actual controversy between Nautilus and Defendants as to whether Nautilus is required to indemnify its insured, R&W, for the judgment entered in the Underlying Action because even if coverage was triggered under Coverage A, Exclusion B – Contractual Liability would apply to bar coverage for any of R&W's contractual obligations not involving an

15

"insured contract", including all claims for breach of contract.

34.  Nautilus seeks a judicial declaration of the parties' respective rights and obligations under the insurance policies based upon the application of Exclusion B – Contractual Liability and that it applies to limit and/or preclude coverage.

## FOURTH CAUSE OF ACTION – DECLARATORY RELIEF

**(No Duty to Indemnify under Coverage A – Exclusion J – Damage to Property against All Defendants)**

35.  Nautilus re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

36.  There is an actual controversy between Nautilus and Defendants as to whether Nautilus is required to indemnify its insured, R&W, for the judgment entered in the Underlying Action because even if coverage was triggered under Coverage A, the Exclusion J – Damage to Personal Property would apply to bar coverage for, among other things, damage to real property on which R&W (or any contractors or subcontractors working directly or indirectly on R&W's behalf) performs operations.

37.  Nautilus seeks a judicial declaration of the parties' respective rights and obligations under the insurance policies based upon the application of the Exclusion J – Damage to Personal Property and that it applies to limit and/or preclude coverage.

## FIFTH CAUSE OF ACTION – DECLARATORY RELIEF

**(No Duty to Indemnify under Coverage A – Exclusion K – Damage to Your Product against All Defendants)**

38.  Nautilus re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

39.  There is an actual controversy between Nautilus and Defendants as to whether Nautilus is required to indemnify its insured, R&W, for the judgment entered in the Underlying Action because even if coverage was triggered under Coverage A, the Exclusion K – Damage to

16

COMPLAINT FOR DECLARATORY RELIEF
Case No.:

45227 4888-6707-7942 .v1

1  Your Product would apply to bar coverage for property damage to R&W's products, and
2  warranties or representations made at any time with respect to the fitness, quality, durability,
3  performance or use of R&W's products and the providing or failure to provide warnings or
4  instructions.

5  40.  Nautilus seeks a judicial declaration of the parties' respective rights and
6  obligations under the insurance policies based upon the application of the Exclusion K – Damage
7  to Your Product and that it applies to limit and/or preclude coverage.

**SIXTH CAUSE OF ACTION – DECLARATORY RELIEF**

**(No Duty to Indemnify under Coverage A – Exclusion L – Damage to Your Work against All Defendants)**

11  41.  Nautilus re-alleges and incorporates by this reference all preceding paragraphs
12  above, in their entirety, as though fully set forth herein.

13  42.  There is an actual controversy between Nautilus and Defendants as to whether
14  Nautilus is required to indemnify its insured, R&W, for the judgment entered in the Underlying
15  Action because even if coverage was triggered under Coverage A, the Exclusion L – Damage to
16  Your Work would apply to bar coverage for property damage to (1) work or operations
17  performed by R&W; (2) materials, parts or equipment furnished in connection with such work
18  or operations; (3) warranties or representations made at any time with respect to the fitness,
19  quality, durability, performance or use of R&W's products; (4) the providing or failure to
20  provide warnings or instructions and (5) work that has not yet been completed or abandoned.

21  43.  Nautilus seeks a judicial declaration of the parties' respective rights and
22  obligations under the insurance policies based upon the application of the Exclusion L – Damage
23  to Your Work and that it applies to limit and/or preclude coverage.

**SEVENTH CAUSE OF ACTION – DECLARATORY RELIEF**

**(No Duty to Indemnify under Coverage A – Exclusion M – Damage to Impaired Property Or Property Not Physically Injured against All Defendants)**

17

44. Nautilus re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

45. There is an actual controversy between Nautilus and Defendants as to whether Nautilus is required to indemnify its insured, R&W, for the judgment entered in the Underlying Action because even if coverage was triggered under Coverage A, the Exclusion M – Damage to Impaired Property would apply to bar coverage for property damage arising out of: (1) a defect, deficiency, inadequacy or dangerous condition in R&W's work or product or (2) a delay or failure by R&W to perform a contract in accordance with its terms.

46. Nautilus seeks a judicial declaration of the parties' respective rights and obligations under the insurance policies based upon the application of the Exclusion M – Damage to Impaired Property and that it applies to limit and/or preclude coverage.

**EIGHTH CAUSE OF ACTION – DECLARATORY RELIEF**

**(No Duty to Indemnify under Coverages A and/or B – Limited Exclusion –Contractors – Professional Liability against All Defendants)**

47. Nautilus re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

48. There is an actual controversy between Nautilus and Defendants as to whether Nautilus is required to indemnify its insured, R&W, for the judgment entered in the Underlying Action because even if coverage was triggered under Coverages A, the Limited Exclusion – Contractors – Professional Liability would apply to bar coverage for bodily injury, property damage, or personal advertising injury arising out of rendering or failure to render any professional services by R&W with respect to R&W's engineering, architectural and surveying services.

49. Nautilus seeks a judicial declaration of the parties' respective rights and obligations under the insurance policies based upon the application of the Limited Exclusion – Contractors – Professional Liability and that it applies to limit and/or preclude coverage.

18

## NINTH CAUSE OF ACTION – DECLARATORY RELIEF

**(No Duty to Indemnify under Coverage A – Exclusion – Continuous or Progressive Damage against All Defendants)**

50. Nautilus re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

51. There is an actual controversy between Nautilus and Defendants as to whether Nautilus is required to indemnify its insured, R&W, for the judgment entered in the Underlying Action because even if coverage was triggered under Coverage A, the Exclusion – Continuous or Progressive Damage contained in the 2018 Policy would apply to bar coverage property damage that occurred or is alleged to have first occurred prior to March 1, 2018, the effective date of the 2018 Policy.

52. Nautilus seeks a judicial declaration of the parties' respective rights and obligations under the insurance policies based upon the application of the Exclusion – Continuous or Progressive Damage contained in the 2018 Policy and that it applies to limit and/or preclude coverage.

## TENTH CAUSE OF ACTION – DECLARATORY RELIEF

**(Alternative Relief – Any Indemnity Obligation Limited to Policy Limit)**

53. Nautilus re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

54. Nautilus claims that it has no duty to indemnify. However, if there is a finding that Nautilus has a duty to indemnify, there is an actual controversy between Nautilus and Defendants as to the amount for which Nautilus would have a duty to indemnify R&W with respect to the Underlying Action.

55. Nautilus seeks a judicial declaration that the maximum amount Nautilus would be required to indemnify R&W for is the policy limit of one million dollars.

COMPLAINT FOR DECLARATORY RELIEF
Case No.:

145227 4888-6707-7942 .v1

### RESERVATION OF RIGHTS

56.     Nautilus re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

57.     Nautilus reserves the right to amend this complaint to allege any additional policy provision or claim which may be relevant to this matter.

### PRAYER FOR RELIEF

Nautilus requests judgment against the defendants as follows:

1.     For Judgment for Nautilus and against defendants, and each of them;

2.     For a declaration that Nautilus owes no duty to indemnify with regard to the Underlying Action under the Policies;

3.     Nautilus further prays for costs and fees as permitted by statute and court rule, and such other relief as the Court finds just and proper under the circumstances.

DATED:  December 16, 2022         By _____
                                                      Randall J. Colbert
                                        Attorneys for Plaintiff NAUTILUS INSURANCE COMPANY

COMPLAINT FOR DECLARATORY RELIEF
Case No.:

145227 4888-6707-7942 .v1