IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL FARRENS, an individual;<br>ROBIN FARRENS, an individual,<br>FARRENS PROPERTIES, LLC, a<br>Limited Liability Company, ROCK<br>AND WATER, LLC, a Limited Liability<br>Company, ROCK AND WATER<br>INTERNATIONAL, LLC, a Limited<br>Liability Company, and DOES 1 through<br>100,<br><br>        Defendants, | CV 22-193-M-DWM<br><br><br>OPINION<br>and ORDER |
| MICHAEL FARRENS, an individual;<br>ROBIN FARRENS, an individual,<br>FARRENS PROPERTIES, LLC, a<br>Limited Liability Company,<br><br>        Counter-Claimants,<br><br>    v.<br><br>NAUTILUS INSURANCE COMPANY,<br><br>        Counter-Defendant. | |

This insurance coverage dispute arises out of the construction of a

"disappearing floor" pool at a residential home in Whitefish, Montana.  On March

1

1, 2024, summary judgment was granted in favor of Nautilus Insurance Company on the basis that there was no coverage for the damages arising out of the project and therefore no duty to indemnify homeowners Michael and Robin Farrens (the "Farrens") for the work performed by Nautilus' insured, Rock and Water, LLC. (*See* Docs. 50, 51.)  Nautilus, as the prevailing party, now seeks attorney fees incurred litigation this coverage action in the amount of $61,481.50 and costs in the amount of $10,792.87.  (Docs. 52, 56.)  Apart from $1,167.87 in costs, Nautilus's motion is denied.

ANALYSIS

Nautilus seeks to recover attorney fees incurred in successfully litigating this coverage action.  Because Montana law does not support its claim, Nautilus's request is denied.  Notably, Nautilus does not seek to recoup costs incurred in defending its insured in the underlying state action.  Consistently, it has not shown that it timely and explicitly reserved the right to recoup such costs or provided adequate notice to its insured of the possibility of such reimbursement as required by Montana law.  *See Travelers Cas. & Sur. Co. v. Ribi Immunochem Rsch., Inc.*, 108 P.3d 469, 479–80 (Mont. 2005).

## I.    Background

In 2014, the Farrens engaged Rock and Water, LLC to construct a floating or disappearing deck/floor pool and spa at their home in Whitefish, Montana.

(Doc. 42 at ¶¶ 6, 7.)  Although many aspects of the pool and deck were completed in July 2016, there were immediate problems with the floating floor's operation. (*See id.* ¶¶ 14, 15.)  Specifically, the floor would not raise or lower evenly and therefore jammed inside the pool shell.  (*Id.* ¶ 16.)  The defect occurred every time the floor was moved, (*id.*), damaging the pool shell and the decking, (*id.* ¶¶ 21, 23). The aluminum tanks also began to corrode due to contact with chlorine.  (*Id.* ¶¶ 11, 18–20.)  Additionally, 15,000 gallons of water were released down the hillside below the pool every time the floor was moved, eroding the soil and requiring the installation of riprap.  (*Id.* ¶¶ 24–25.)

In November 2018, the Farrens sued Rock and Water in state court.  (*Id.* ¶ 26.)  Nautilus, under a reservation of rights, provided a defense.  (*Id.* ¶ 27.)  In March 2022, a four-day jury trial was held in Flathead County.  (*Id.* ¶ 30.)  The jury awarded the Farrens damages for the repairs in the amount of $4.5 million and found them 20 percent contributorily negligent.  (*Id.*)  The jury also awarded the Farrens $100,000 for damages suffered from a loss of use and $100,000 for damages suffered due to emotional distress.  (*Id.*)  Accordingly, the state court entered judgment against Rock and Water in the amount of $3.76 million in damages and $11,976.49 in costs.  (*Id.* ¶ 31.)

From 2016 to 2018, Rock and Water was insured by a Commercial General Liability Policy issued by Nautilus (the "Policies").  (*Id.* ¶ 2; *see* Docs. 37-1, 37-2,

37-3.)  In December 2022, Nautilus filed this federal case, seeking a declaratory

judgment that there was no coverage under the Policies, and therefore no duty to

indemnify, and that even if coverage was triggered, several policy exclusions

applied.  (*See* Docs. 1, 37.)  On March 1, 2024, Nautilus prevailed on cross-

motions for summary judgment.  (*See* Doc. 50.)  Judgment was then entered in

favor of Nautilus.  (Doc. 51.)

On March 15, 2024, Nautilus filed the present motion, requesting an award

of attorney fees and costs it incurred in litigating the present coverage action.

(Docs. 52, 56.)  The Farrens responded on March 29, 2024, (Doc. 57), and Nautilus

filed its reply on April 12, 2024, (Doc. 59).

## II.    Fees

"In a diversity case, the law of the state in which the district court sits

determines whether a party is entitled to attorney fees, and the procedure for

requesting an award of attorney fees is governed by federal law."  *Riordan v. St.

Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009) (parenthetically

citing *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007)).  "Montana follows

the general American Rule that a party in a civil action is not entitled to attorney

fees absent a specific contractual or statutory provision."  *Id.* at 1006 (quoting *Mtn.

W. Farm Bureau Mut. Ins. Co. v. Brewer*, 69 P.3d 652, 655 (Mont. 2003)).

Pursuant to Montana Code Annotated § 27–8–313, the Montana Supreme Court

has held that attorney fees may be awarded in declaratory judgment actions if

(1) "equitable considerations support the award" and (2) the award is "necessary

and proper." *Horace Mann Ins. Co. v. Hanke*, 312 P.3d 429, 435–36 (Mont.

2013); *Trs. of Ind. Univ. v. Buxbaum*, 69 P.3d 663, 673 (Mont. 2003).  Equitable

exceptions are construed narrowly "lest they swallow the rule." *Petaja v. Mont.*

*Pub. Emps. Ass'n*, 373 P.3d 40, 45 (Mont. 2016) (internal quotation marks

omitted).  Ultimately, the equities do not support an award of fees here.

Nautilus seeks a fee award as an insurance company that received a

declaratory judgment that it had no duty to indemnify its insured under the terms of

a comprehensive general liability policy.  In support of its request, Nautilus

explains that it prevailed in this coverage dispute after it "was asked to pay a

verdict for which no coverage existed, to pay in excess of limits, and was accused

of violating Montana's Unfair Trade Practices Act by [the Farrens]."  (Doc. 53 at

3.)  It further emphasizes that it followed the Montana Supreme Court's directive

to file a declaratory action, *see J&C Moodie Props., Ltd. Liab. Co. v. Deck*, 384

P.3d 466, 472–73 (Mont. 2016), and that Montana law permits an insurer to "seek

to recover the expenses that the insurer incurred in defending a claim outside of the

insured's policy coverage in the declaratory judgment action," *Horace Mann Ins.*

*Co. v. Hanke*, 312 P.3d 429, 434 (Mont. 2013).

But, as argued by the Farrens, the Montana Supreme Court "ha[s] never determined that equity supported an attorney's fees award for an insurer who makes the 'tactical decision' to file a declaratory judgment in the normal course of assuming its duty to defend." *Horace Mann Ins. Co.*, 312 P.3d at 436 (citing *United Nat. Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 214 P.3d 1260, 1270 (Mont. 2009)). Possibly recognizing this limitation, Nautilus does not rely on Montana's fee jurisprudence, but instead argues by analogy to the fact that Montana allows recoupment of defense costs: "[j]ust as it is appropriate to allow an insurance carrier to recoup the defense costs it incurs defending an uncovered claim, so too is it appropriate to allow an insurance carrier to recover its attorney fees spent litigating coverage under the circumstances presented here." (Doc. 53 at 4.) But recoupment of defense costs does not fall under § 27–8–313. *See Ribi Immunochem Rsch., Inc.*, 108 P.3d at 479–80.

The Montana Supreme Court has stated that only "extreme circumstances" support an award under § 27–8–313, such as when the award of fees "prevented the anomalous result of [a party] having been better off had she never brought the claim," *see Horace Mann Ins. Co.*, 312 P.3d at 436 (discussing *Renville v. Farmers Ins. Exch.*, 105 P.3d 280 (Mont. 2004)), or when a party is forced to litigate despite lacking the resources to do so, *City of Helena v. Svee*, 339 P.3d 32, 37–38 (Mont. 2014). Here, Nautilus "simply acted in the normal course of business" when it

6

filed this declaratory action regarding coverage. *Horace Mann Ins. Co.*, 312 P.3d at 436.

Nautilus' additional argument that the Court has general discretion to award fees "when a party is forced to defend itself against wholly frivolous claims" is equally unpersuasive. (Doc. 59 at 4.) Nautilus argues that because the Farrens voluntarily dismissed their bad faith counter-claim, that claim was frivolous. Not so. Although Nautilus is correct that the Farrens' bad faith claim was never adjudicated on the merits, Nautilus did not seek to dismiss, *see* Fed. R. Civ. P. 12(b)(6), or strike, *see* Fed. R. Civ. P. 12(f), that claim on the ground it was frivolous. Nor could it do so as the claim was adequately pled. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In the absence of any extraordinary circumstances, "this litigation do[es] not demand a recourse in equity." *Beebe v. Bd. of Dirs. of Bridger Creek Subdivision Comm.*, 352 P.3d 1094, 1100 (Mont. 2015). Accordingly, the Court need not consider whether a fee award is "necessary and proper." Nautilus's request for fees is denied.

## III.   Costs

Nautilus also seeks the following costs:

Clerk Fees          $706.81

Service Fees        $397.04

| Print Fees | $33.15 |
| Witness Fees | $9,625.00 |
| Other Costs | $30.87 |
| Total | $10,792.87 |

(*See* Doc. 56.)  The Farrens only object to the request for witness fees, arguing that expert fees are not recoverable costs.  (*See* Doc. 58.)  Because the Farrens' objection is well-taken, Nautilus' cost award is reduced to $1,167.87.

Rule 54(d) of the Federal Rules of Civil Procedure generally provides that a prevailing party is entitled to recover litigation costs from its adversary. Recoverable costs include "fees and disbursements for . . . witnesses." 28 U.S.C. § 1920(3).  Consistently, 28 U.S.C. § 1821(b) provides that "a witness shall be paid an attendance fee of $40 per day" for each day the witness appears in court or in a deposition.  However, "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987).

Here, Nautilus requests $9,625.00 for its coverage expert, Marshal Mickelson.  (*See* Doc. 56 at 2.)  Under § 1821(b), however, any recovery for such expense is limited to $40 per day for each day that Mickelson either appeared in court or for a deposition.  There is no indication from Nautilus's filing that either

event occurred.  Nor does Nautilus provide authority for the Court's alleged

equitable discretion to assess this cost beyond the provisions of § 1821.  *See*

*Crawford Fitting Co.*, 482 U.S. at 439.  Accordingly, no costs are awarded for

witness fees.

CONCLUSION

Based on the foregoing, IT IS ORDERED that Nautilus' motion (Doc. 52)

and application (Doc. 56) are GRANTED as to costs in the amount of $1,167.87

and DENIED in all other respects.  The Clerk is directed to tax costs in the amount

of $1,167.87.

DATED this __26__ day of April, 2024.


_____
Donald W. Molloy, District Judge
United States District Court